UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re FLOOR & DECOR HOLDINGS, INC. SECURITIES LITIGATION | ) ) ) | Civil Action No. 1:19-cv-02270-SCJ |
| | ) | <u>CLASS ACTION</u> |
| GRANT TAYLOR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | <u>DEMAND FOR JURY TRIAL</u> |
| FLOOR & DECOR HOLDINGS, INC., THOMAS V. TAYLOR, JR., TREVOR S. LANG, ARES CORPORATE OPPORTUNITIES FUND III, L.P., FS CAPITAL PARTNERS VI, LLC, FS EQUITY PARTNERS VI, L.P., FS AFFILIATES VI, L.P., FREEMAN SPOGLI MANAGEMENT CO., L.P., ACOF OPERATING MANAGER III, LLC, ARES MANAGEMENT LLC, ARES MANAGEMENT HOLDINGS L.P., ARES HOLDCO LLC., ARES HOLDINGS INC., ARES MANAGEMENT GP LLC., and ARES PARTNERS HOLDCO LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

This Document Relates To:

ALL ACTIONS.

**AMENDED COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND OVERVIEW ..................................................1

JURISDICTION AND VENUE ..........................................................7

PARTIES...........................................................................................8

CONTROL PERSONS .....................................................................12

BACKGROUND TO THE CLASS PERIOD ......................................15

    Defendants Raise FY18 Guidance Including for Sales and
    Comparable Store Growth and Reiterate the Company's Continuing
    Sales and Comparable Store Growth...........................................18

FALSE AND MISLEADING STATEMENTS ISSUED DURING THE
CLASS PERIOD...............................................................................23

    The Controlling Defendants and Floor & Decor Executives Capitalize
    on the Stock Price Recovery and Unload over $466 Million in Shares......29

    Stock Sales by Insiders and Controlling Stockholders During the
    Class Period ..............................................................................30

DEFENDANTS BEGIN TO DISCLOSE THE COMPANY'S TRUE
FINANCIAL CONDITION.................................................................31

    Floor & Decor Reports 2Q18 Results, Slashes Recently Increased
    Financial Guidance and Admits that Growth Trends Had Slowed in
    May Before the Secondary Public Offering ..................................31

LOSS CAUSATION AND ECONOMIC LOSS.....................................36

NO SAFE HARBOR .........................................................................39

APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE
MARKET AND THE *AFFILIATED UTE* PRESUMPTION .................40

CLASS ACTION ALLEGATIONS .....................................................43

COUNT I..........................................................................................45

**Page**

For Violation of §10(b) of the Exchange Act and Rule 10b-5
Against the Company and the Individual Defendants .......................45

COUNT II ...............................................................................................46

For Violation of §20(a) of the Exchange Act Against the
Company, the Individual Defendants and the Controlling
Stockholders ..........................................................................................46

PRAYER FOR RELIEF ..........................................................................47

JURY DEMAND .....................................................................................47

4825-1404-2280.v2

## INTRODUCTION AND OVERVIEW

1.     Lead Plaintiff Oklahoma Law Enforcement Retirement System ("Plaintiff"), individually and on behalf of all the other persons similarly situated, by Plaintiff's undersigned attorneys, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by Floor & Decor Holdings, Inc. ("Floor & Decor" or the "Company"), as well as conference call transcripts, media and analyst reports about the Company.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

2.     This is a securities class action on behalf of all persons or entities who purchased the common stock of Floor & Decor between May 23, 2018, and August 1, 2018, inclusive (the "Class Period"), against defendants Floor & Decor, the Company's President and Chief Executive Officer ("CEO"), Thomas V. Taylor, Jr. ("Taylor"), its Chief Financial Officer ("CFO"), Trevor S. Lang ("Lang"), and the Company's Controlling Stockholders (defined below), namely private equity funds affiliated with Ares Management Corporation ("Ares Management") and Freeman Spogli Management Co., L.P. ("Freeman Spogli") as detailed in ¶¶21-27.

- 1 -

3.     Plaintiff, individually and on behalf of all the other persons or entities similarly situated, by Plaintiff's undersigned attorneys, alleges that defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), by making false and misleading statements and concealing material adverse facts concerning Floor & Decor's current financial condition and growth prospects.

4.     Floor & Decor was founded in 2000, and on May 2, 2017, conducted its initial public offering ("IPO").  Its common stock trades on the New York Stock Exchange ("NYSE") under the Ticker symbol "FND."  The Company describes itself as a differentiated multi-channel specialty retailer of hard surface flooring and related accessories, with warehouse-format stores across 21 states.  The Company offers an assortment of tile, wood, laminate and natural stone flooring, along with decorative and installation accessories, which purportedly positions it as the one-stop destination for its customers' entire hard surface flooring needs.

5.      During the Class Period, Floor & Decor was a "controlled company" under the rules of the NYSE.[1]  Ares Management and Freeman Spogli, through their funds, subsidiaries and affiliates possessed and exercised substantial control over Floor & Decor.

6.      On May 3, 2018, approximately three weeks before the Class Period, Floor & Decor filed a Form 8-K that announced financial results that beat consensus estimates for the first quarter ("1Q18")[2] fiscal year 2018 ("FY18") and increased sales guidance for FY18. Despite the Company's 1Q18 financial results, increase in FY18 guidance and positive statements, Floor & Decor's stock price declined to $46.56 per share that day from a close of $54.05 per share on May 2, 2018.  However, the Company assured analysts that its growth story remained intact in the wake of its May 3, 2018 announcements.  Thereafter the Controlling Stockholders moved to sell over $447 million worth of their stake in Floor & Decor.

---

[1]   A controlled company is defined under the NYSE rules as a listed company of which more than 50% of the voting power for the election of directors is held by an individual, a group or another company.

[2]   For 2018, 1Q, 2Q, 3Q and 4Q refer respectively to the thirteen weeks constituting Floor & Decor's first quarter (ending on March 29), second quarter (ending on June 28), third quarter (ending on September 27) and fourth quarter (ending on December 27).

4825-1404-2280.v2

7.      On May 23, 2018, the Company filed a Registration Statement and Rule 424(b) Prospectus and Prospectus Supplement with the SEC for a secondary public offering of 10 million shares of Floor & Decor common stock.  On May 25, 2018, the Company filed an amended Prospectus and Prospectus Supplement with the SEC, the offering price to J.P. Morgan, the underwriter was $44.77 per share.[3]

8.      In connection with Floor & Decor's May 23, 2018 secondary public offering ("SPO"), defendants knowingly, or with severe recklessness, issued materially false and misleading statements in the Registration Statement that failed to disclose known and declining sales trends negatively affecting the Company's growth prospects.  Specifically, following its announcement of 1Q18 results on May 3, 2018, where defendants publicly increased sales guidance (including net sales and comparable store sales for FY18), but before the SPO, the Company knew but failed to disclose that Floor & Decor's net sales and comparable store sales growth materially slowed, which remained consistently slow during May 2018.  The omission of these declining sales trends caused the Company's stock to trade at artificially inflated prices.

---

[3]   The Registration Statement, Prospectus and Prospectus Supplement and their amendments are referred to herein collectively as the "Registration Statement."

9.     The failure to disclose the slowdown in sales trends that materialized weeks before the SPO and its closing on May 20, 2018, renders defendants' assurances that Floor & Decor's financial condition had not changed materially false and misleading.  These misrepresentations and omissions inflated Floor & Decor's stock price enabling the Controlling Stockholders to raise more than $447 million in gross proceeds.  Company executives also offloaded over 353,000 shares of Floor & Decor common stock for over $19 million during the Class Period in mid-to-late June 2018.

10.     On August 2, 2018, just over two months following the secondary offering, the true facts emerged as the Company announced 2Q18 financial results and surprised the market by slashing FY18 financial guidance that it had increased only three months earlier.  CFO Lang admitted on the earnings conference call with investors on the same day that slowing sales – including comparable store sales – had begun in *May 2018*, a fact known to the Company but not disclosed during the Class Period, and specifically not disclosed before or in the SPO on May 23, 2018.  Lang's admission shows that the following misrepresentations contained in defendants' statements to investors in public filings with the SEC in late May 2018, including the

- 5 -

purported risk warnings, were known to be false and misleading, or made with severe recklessness as to their truth or falsity:[4]

(a)     That there had been no material adverse change or any development that could reasonably be expected to involve a prospective material adverse change in Floor & Decor's financial condition, including its earnings or business prospects;

(b)     That the Registration Statement complied with the requirements of the Securities Act of 1933 ("Securities Act") and its regulations; and

(c)     That the Registration Statement or its amendments as of date of effectiveness or at the closing date would not contain any untrue statements or omit a material fact.

11.     When the Company disclosed the true facts on August 2, 2018, Floor & Decor's stock price declined more than 21%, from a close of $47.71 per share on August 1, 2018, to a close of $37.50 per share on August 3, 2018, on massive volume of more than 7 million and 4 million shares traded on August 2, 2018 and August 3, 2018, respectively as illustrated in the following chart:

---

[4]   Further, Lang's admission shows that defendants' misrepresentations and omissions were made without a reasonable basis.

4825-1404-2280.v2



12.     Plaintiff seeks remedies for these violations.

**JURISDICTION AND VENUE**

13.     The claims asserted herein arise under §§10(b) and 20(a) of the Exchange

Act and Rule 10b-5.  Jurisdiction is conferred by §27 of the Exchange Act (15 U.S.C.

§78aa) and 28 U.S.C. §§1331 and 1337.

14.     Venue is properly laid in this District pursuant to §27 of the Exchange

Act and 28 U.S.C. §1391(b) and (c).  The acts and conduct complained of herein

- 7 -

occurred in substantial part in this District.  The Company's shares are traded on the NYSE.

15.     In connection with the acts and conduct alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mail, telephonic communications and the facilities of the NYSE.

## PARTIES

16.     Lead Plaintiff Oklahoma Law Enforcement Retirement System ("Plaintiff") provides retirement, survivor retirement and medical benefits for members of the law enforcement profession of the state of Oklahoma and their families.  Plaintiff purchased Floor & Decor common stock during the Class Period, as set forth in the certification previously filed with the Court, and was damaged thereby.

17.     Defendant Floor & Decor Holdings, Inc. is a Delaware corporation with its principal place of business located in Smyrna, Georgia.

18.     Defendant Taylor is and was at all relevant times the Company's CEO and has been a member of the Company's Board of Directors since December 2012. Taylor signed the May 23, 2018 Registration Statement and the Company's Annual and Quarterly Reports.

- 8 -

19.    Defendant Lang is and was at all relevant times Executive Vice President, CFO and Chief Accounting Officer of the Company.  Lang joined the Company as Senior Vice President and CFO in 2011, and was promoted to Executive Vice President of Professional Services and CFO in October 2014 in connection with his assuming responsibility for leading Floor & Decor's in-store Pro and Commercial businesses. Lang signed the May 23, 2018 Registration Statement, the Underwriting Agreement (as defined below), and the Company's Annual and Quarterly Reports.

20.    Defendants Taylor and Lang are collectively referred to herein as the "Individual Defendants."

21.    Defendant Ares Opportunities Fund III, L.P. ("Ares Fund"), a Delaware limited partnership with its principle place of business in Los Angeles, California, was a selling stockholder in the SPO and is a controlling shareholder of the Company. Ares Fund also nominated five out of 11 Floor & Decor Board members including the Chairman of the Board Norman H. Axelrod ("Axelrod"), Nominating Committee Members Rachel H. Lee ("Lee") and Felicia D. Thornton ("Thornton"), David B. Kaplan ("Kaplan") and Peter M. Starrett ("Starrett").[5]

---

[5]    Each of these directors signed the May 23, 2018 Registration Statement.  Kaplan and Lee serve as officers and principals of certain Ares Management affiliated entities.

22.    Defendant Ares Management Corporation[6] ("Ares Management") is a global alternative asset manager incorporated in Delaware with its principle place of business in Los Angeles, California, whose shares trade on the NYSE under the Ticker symbol "ARES."   Ares Management, through its affiliates, manages and controls the Ares Fund.   Ares Management received distributable earnings from management fees, performance fees, and investment income from the Ares Fund.

23.    Defendants ACOF Operating Manager III, LLC, Ares Management LLC, Ares Management Holdings L.P., Ares Holdco LLC, Ares Holdings Inc., Ares Management GP LLC, and Ares Partners Holdco LLC (collectively, "Ares Affiliates") are affiliated entities of Ares Management who manage and control the Ares Fund. The May 23, 2018 Registration Statement identified the Ares Affiliates as beneficial owners who possessed sole or shared voting or investment power over the Floor & Decor stock being offered.

24.    Defendant FS Equity Partners VI, L.P. and Defendant FS Affiliates VI, L.P. ("FS Funds"), are Delaware limited partnerships with their principle place of business in Los Angeles, California, and were selling stockholders in the SPO.  The FS Funds are controlling shareholders of the Company.

---

[6]   Prior to November 26, 2018, Ares Management Corporation was known as Ares Management, L.P.

25.     Defendant Freeman Spogli Management Co., L.P., a Delaware limited partnership with its principle place of business in Los Angeles, California, is a private equity firm dedicated to investing and partnering with management in consumer and distribution companies in the United States.  Freeman Spogli nominated Brad J. Brutocao ("Brutocao") and Nominating Committee member John M. Roth ("Roth") as directors of Floor & Decor.[7]

26.     Defendant FS Capital Partners VI, LLC ("FS Capital"), a Delaware limited partnership with its principle place of business in Los Angeles, California, is the general partner of the FS Funds and had the sole power to vote and dispose of the shares of common stock owned by the FS Funds.  FS Capital's managing members are the members of Freeman Spogli.

27.     Defendants Ares Fund, Ares Management, Ares Affiliates, the FS Funds, Freeman Spogli and FS Capital are collectively referred to herein as the "Controlling Stockholders."[8]

---

[7]   Each of the directors signed the May 23, 2018 Registration Statement.  Brutocao and Roth serve as officers and principals of certain Ares affiliated entities.

[8]   The May 23, 2018 Registration Statement admitted that the Controlling Stockholders possessed and exercised control over Floor & Decor: "Our principal stockholders will continue to have substantial control over us after this offering, will be able to influence corporate matters and may take actions that conflict with your interests and have the effect of delaying or preventing changes of control or changes

28.    The May 23, 2018 Prospectus also disclosed that the funds affiliated with Ares Management beneficially owned approximately 35% of Floor & Decor's outstanding Class A common stock and funds affiliated with Freeman Spogli will beneficially own, in the aggregate, approximately 17% of Floor & Decor's outstanding Class A common stock.  As a result, the May 23, 2018 Prospectus stated that "Ares or Freeman Spogli acting alone, are able to exercise significant influence over all matters requiring stockholder approval, including the election of directors and approval of significant corporate transactions, such as a merger or other sale of us or our assets."[9]

29.    All defendants are collectively referred to herein as "Defendants."

## CONTROL PERSONS

30.    Defendants, as officers and/or directors and controlling persons of a publicly held company whose common stock is traded on the NYSE and governed by the provisions of the federal securities laws, had a duty to promptly disseminate

---

in management, or limiting the ability of other stockholders to approve transactions they deem to be in their best interest."

[9]    The Registration Statement filed in connection with the Company's IPO on April 24, 2017 detailed the power and control the Controlling Stockholders had over Floor & Decor, including their entitlement to nominate directors and that the Ares Entities have nominated Axelrod, Kaplan, Starrett, Lee and Thornton as Directors while Freeman Spogli had nominated Brutocao and Roth as Directors.

accurate and truthful information with respect to the Company's financial condition, performance, growth, operations, financial statements, business, markets, management, earnings, and present and future business prospects, and to correct any previously issued statements that had become materially misleading or untrue or were untrue when such statements were made, so that the market price of the Company's common stock would be based upon truthful and accurate information.  Defendants knew, or were severely reckless in not knowing, that their misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

31.    Because of Board memberships and/or executive and managerial positions with Floor & Decor, Defendants had access to the adverse undisclosed information about the Company's financial condition and performance as particularized herein and knew, or were severely reckless in not knowing, that these adverse facts rendered the positive representations made by or about Floor & Decor and its business or adopted by the Company materially false and misleading.

32.    Defendants participated in the drafting, preparation, dissemination and/or approval of the various documents and other communications alleged to be false and misleading herein.  Accordingly, Defendants knew, or were severely reckless in not knowing, that the documents and other communications alleged to be false and

- 13 -

misleading contained misstatements and omissions and of their materially false and misleading nature.

33.    Defendants were provided with copies of the documents containing misstatements and omissions alleged to be false and misleading, including the Registration Statement, the Underwriting Agreement (as defined herein) and SEC filings, prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or cause them to be corrected.  Accordingly, Defendants knew, or were severely reckless in not knowing, that such misstatements and omissions would be issued or disseminated to the investing public.

34.    The Company and Individual Defendants, through forecasting and reporting tools, admittedly had access to analysis of operational and financial metrics, including real-time sales volumes, individual store performance, inventories, and profit margins.  The Company's advanced Corporate Performance Management software from Prophix gave Defendants visibility into sales trends on a real-time basis by enabling the aggregation of large amounts of data into dashboards, and the consolidation of profit and loss statements into a single report.  Floor & Decor used Prophix to automate budgeting, forecasting and reporting, as well as conduct ***real-time analysis*** including store-level variance analysis (budget to actuals, forecast to actuals, etc.), allowing them to compare store sales by location, region and store class.

- 14 -

Further, "[t]his real-time analysis of store performance allows [Floor & Decor's] Office of Finance to carry out store expense banding using alternate hierarchies that can also track statistics by market, state, store opening year and volume."[10]  On the August 2, 2018 earnings conference call during which Lang admitted that the Company's business slowed consistently after the 1Q18 earnings release, he also admitted that, "[w]e have the ability to look at every store by month, by week and by through the rest of the year."  Defendants therefore had direct knowledge of, and access to, the sales trends when they issued their materially false and misleading statements alleged herein.

35.   The Company and the Individual Defendants, by disseminating materially false and misleading statements and/or concealing material adverse facts, are liable as participants in a fraudulent scheme and a course of business that operated

---

[10]  Floor & Decor's March 5, 2018 Form 10-K touts its management's real-time analysis of the Company's financial condition including sales trends:

> ***The integration of technology allows us to analyze the business in real time and react accordingly***.  Our sophisticated inventory management system is our primary tool for forecasting, placing orders and managing in-stock inventory.  ***The data-driven platform includes sophisticated forecasting tools based on historical trends in sales***, inventory levels and vendor lead times ***at the store*** and distribution center ***level*** by SKU, allowing us to support store managers in their regional merchandising efforts.

as a fraud or deceit on purchasers of Floor & Decor common stock.  The scheme: (i) deceived the investing public regarding Floor & Decor's business, operations, management and the value of Floor & Decor common stock; and (ii) caused Plaintiff and other members of the Class (as defined herein) to purchase Floor & Decor common stock at artificially inflated prices.

36.     The Individual Defendants and Controlling Stockholders, because of their positions of control and authority as officers and/or directors of the Company or their share ownership and rights emerging from an Investor Rights Agreement, were able to and/or did control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period.

## BACKGROUND TO THE CLASS PERIOD

37.     Prior to the Class Period, on May 2, 2017, Floor & Decor conducted its IPO of 10 million shares of its common stock to the public at $21.00 per share, raising gross proceeds of $213 million for the Company.[11]

38.     Prior to and during the Class Period, Defendants portrayed Floor & Decor as "'a true category killer'" uniquely positioned for rapid growth.  Defendants

---

[11]   On May 12, 2017 after the IPO, the Controlling Stockholders reported on Forms 13D that they beneficially owned approximately 82.2% of the Company's outstanding common stock, with Ares Management's entities beneficially owning approximately 60% and Freeman Spogli's entities beneficially owning approximately 22%.

also emphasized Floor & Decor's growth story with statistics reflecting the Company's continued growth, particularly Floor & Decor's "double digit comparable store sales growth"[12] – a rare attribute in retail where in-store sales growth has been generally diminishing.  Moreover, Defendants claimed that sales in their existing stores had yet to plateau or hit maturity.

39.    The Company's 2017 and 2018 Annual Reports filed with the SEC explained that "comparable store sales growth is a significant driver of [Floor & Decor's] net sales, profitability, cash flow and overall business results" and among the "key performance and financial measures we use to determine how our business is performing."  Analysts also recognized the significance of comparable store sales to Floor & Decor's growth story.  For example, in May 2017, Barclay's described Floor & Decor's comparable store sales as key to its growth story, stating:

> FND represents the most attractive growth story across our entire consumer discretionary industry universe.  FND not only delivered [double-digit] annual comp store sales for eight straight years, but that *level of exceptional strength and consistency was also maintained on a quarterly basis*.  We are hard pressed to find any other retailer that has a similar comp track record, at least dating all the way back to the golden era of retail in the 1990s.

---

[12]  "Comparable store sales" refers to period-over-period comparisons of Floor & Decor's net sales among the comparable store base calculated from the first day of the thirteenth month after the store opened.

- 17 -

40.    Because of the Company's positioning, analysts and investors expected the stock to perform as a "high-growth" stock trading at high multiples.  For example, following its IPO, analysts focused on the Company's growth prospects including with respect to comparable store sales:

- Piper Jaffray in its initiating report on May 22, 2017 stated that Floor & Decor was "[o]ne of [r]etails [g]reat [g]rowth [s]tories" and concluded that the company "*is one of retail's best long-term growth stories*" and "*we believe shares should trade at a healthy premium to the growth rate*."

- Credit Suisse's initiating report dated May 22, 2017, stated that it viewed "*FND as a rare growth opportunity*", with 20% annual store growth, above average industry growth trends, ample market share potential, far less e-commerce risk than other retail categories, and a superior management team.  With the story relatively well understood, we focus on three areas[: store growth, comparable store sales and margin]."

**Defendants Raise FY18 Guidance Including for
Sales and Comparable Store Growth and Reiterate the Company's
Continuing Sales and Comparable Store Growth**

41.    On May 3, 2018, approximately three weeks before the Class Period, Floor & Decor filed a Form 8-K with the SEC that included a press release announcing financial results that had beaten consensus estimates for 1Q18.  In addition, the Company raised its prior FY18 financial guidance by increasing expectations for net sales, comparable store sales and earnings per share ("EPS") as detailed in the following table:

- 18 -

| FY18 Guidance | Prior FY18 Guidance | Updated FY18 Guidance |
|---|---|---|
| Net sales | $1,690 - $1,730 | $1,705 - $1,735 |
| Comparable store sales | 8.5% to 11.5% | 9.5% to 11.5% |
| Adjusted diluted EPS | $0.91 - $1.00 | $0.93 - $1.01 |
| Adjusted EBITDA | $189.0 - $201.3 | $190.8 - $201.3 |

42.    Also on May 3, 2018, before the market opened, the Company held a conference call for analysts and investors to discuss its 1Q18 financial results, hosted by Defendants Lang and Taylor.  During the call, Defendants discussed current sales and business trends and the Company's basis for the increase in its financial guidance for the remainder of 2018:

> [Lang:]  As you saw from our press release, *we're raising our sales and adjusted EPS guidance for the year following a very strong first quarter*.  A few points I want to make about our outlook.  First, for fiscal 2018, we continue to expect our comparable store sales, excluding Houston,[13] to be in the high single digits to low double digits and for the Houston benefit to moderate as we move throughout the year.  Second, our outlook now assumes a modest decline in gross margin for fiscal 2018.

---

[13]  Hurricane Harvey made landfall on Texas in August 2017.  Floor & Decor has explained that because of the storm it closed stores in and around Houston.  However, after reopening, beginning in September of fiscal year 2017, Houston stores saw their sales increase as home and business owners began to rebuild from the hurricane's damage. Floor & Decor has stated that they "do not believe such increase is indicative of our business, financial condition and future operating results."  Thus, treating this event as an anomaly, Floor & Decor attempted to separate the hurricane's impact when discussing results with analysts and investors.

- 19 -

43.     In response to analyst questions on the May 3, 2018 conference call about the growth of Floor & Decor's existing stores, Defendants touted the continuing growth of all of the Company's stores (old and new) including comparable store sales, stating in pertinent part:

> [Taylor:]  Yes.  I mean, when you have 9 – because you know **we're in our 10th year of double-digit same-store sales growth**, when our unaided awareness is still at a very anemic level, **all stores are still maturing.  When you are comping at this rate, we're getting growth out of our oldest stores**.  We're getting growth out of all of our stores that we're not cannibalizing.

44.     On the May 3, 2018 conference call, an analyst questioned whether things had changed from earlier in the year and inquired why the outlook for gross margin was tighter but the outlook for earnings was higher.  Defendants responded that they expected sales to increase:

> [Analyst:]  You swung the gross margin outlook by about a 100 basis points relative to the prior guide, but you also raised the outlook for earnings for the year.  So my question is, what are the offsets? . . .
>
> [Lang:]  . . . ***So sales are a little bit higher in the current forecast. We're obviously a little further through the year.  We've now completed our first quarter.***  You're right.  We did take our gross margin expectations down.  And we went through.  And as we saw what we really felt like we needed to spend this year, we tightened that up a little bit.  So you're right.  Margin is down.  **Sales are up.**  And we've taken SG&A costs out of the business.

45.     On the same call, Defendants stated that the Company's growth trends within Floor & Decor's markets were consistent and remained unchanged:

- 20 -

[Analyst:]  Was there any sort of stand out on the cadence within the first quarter as well?

[Taylor:]  No.  Not, not really.  ***The trends have been relatively consistent***, so the businesses that have grown at a faster rate continue to be the same businesses as we've seen in the previous quarters.  ***So we haven't seen anything from a category perspective***.

46.     On May 3, 2018, despite the Company's 1Q18 financial results, increase in FY18 guidance and positive statements, the stock price declined to $46.56 per share that day from a close of $54.05 per share on May 2, 2018.

47.     Analysts stated that the market was disappointed with the updated financial outlook and had expected even higher guidance for FY18 but concluded that the growth story was intact.  UBS for example stated that "core demand trends remained strong during the quarter" and stated that "[w]e think a beat-and-raise story will be well received by the market."

48.     Following the May 3, 2018 report, Defendants Taylor and Lang held meetings with several industry investment analysts and reassured them that Floor & Decor's growth story remained intact.

49.     On May 9, 2018, following a meeting with Defendants Taylor and Lang, J.P. Morgan issued an analyst report that encouraged investors to add to their position on the current "pullback," noting their belief that Floor & Decor's growth story remained unchanged:

- 21 -

> *We hosted FND management yesterday in NYC including CEO Tom Taylor, CFO and EVP, Professional Services, Trevor Lang, and Manager of IR, Matt McConnell*. Net-net, we continue to see FND as a rare growth story and would use the pullback in the stock to add to/build positions and are thus reiterating our OW rating ($59 Dec 18 price target = 29% upside).

> **Key points/conclusions from our meetings include**: (1) *contrary to what some investors have heard, FND categorically did not fall short* of their internal plan in 1Q. . . . (3) *none of the underlying company-specific fundamentals of the story have changed*.

> \*    \*    \*

> *Best in market value prop; no shift in geographical or category trends*; **pricing structure intact**.

50.    On May 10, 2018, Credit Suisse reported that they also met with Defendants Taylor and Lang, stating that "[t]he tone" of the meeting and "near-term sales outlook" was positive and also encouraged investors to purchase shares.

> **We hosted meetings with Floor & Décor management, incl. Tom Taylor, CEO, Trevor Lang, CFO/EVP Pro Services, and Matt McConnell, Manager IR;** *The tone was positive, consistent with the Q1 call,* and reinforced our positive view of the long term growth opportunity based on the differentiation of this store format, the value proposition, and the foundation that this team has built. *We also remain positive on the near-term sales outlook*, and the potential for margin pressures to abate through the year, with stronger operating leverage in 2019. *We continue to view this as one of our best positioned retailers, and see the recent pullback as a buying opportunity*.

> **Sales outlook remains healthy**; There had been some concerns about the slowdown ex-hurricane from Q4 to Q1, and even some discussion about the company missing its plan. We do not believe that to be the case. Trends remain strong on a multi-year basis (even

- 22 -

accelerated on a three year basis in Q1 ex hurricane), and remain above the long-term algorithm.

51.     Between May 3, 2018, and May 23, 2018, Floor & Decor's closing stock price traded between $44.88 and $47.16.

## FALSE AND MISLEADING STATEMENTS
## ISSUED DURING THE CLASS PERIOD

52.     On May 23, 2018, Floor & Decor filed an automatic shelf registration with the SEC and a Form 8-K that included a press release announcing the launch of an underwritten secondary public offering the 2018 SPO. The Registration Statement positioned the Company's value proposition to investors and discussed the Company's business, its growth prospects, described the common stock offering, and disclosed that the Controlling Stockholders were the selling stockholders (not the Company).[14]

53.     <u>False and Misleading Statements</u>: The May 23, 2018 Registration Statement purported to warn investors of certain risks with generic risk warnings that Floor & Decor's stock price might be subject to wide price fluctuations because of the

---

[14]   The Registration Statement also incorporated by reference the Company's Annual Report on Form 10-K for the fiscal year ended December 28, 2017, its Quarterly Report on Form 10-Q for the quarter ended March 29, 2018, its Definitive Proxy Statement on Schedule 14A (filed March 27, 2018), its May 18, 2018 Form 8-K and the description of Floor & Decor's common stock included in its Registration Statement on Form 8-A (filed April 24, 2017), including all amendments and reports filed for the purpose of updating such description.

- 23 -

following but failed to disclose known and declining sales trends that had already

materialized:

> Some of the key factors that ***could*** cause actual results to differ from our
> expectations include the following:
>
> • an overall decline in the health of the economy, the hard surface flooring
>   industry, consumer spending and the housing market;
>
> * * *
>
> • our inability to manage our growth.
>
> * * *
>
> • actual or anticipated fluctuations in our quarterly or annual financial
>   results;
>
> • the financial guidance we may provide to the public, any changes in such
>   guidance or our failure to meet such guidance;

54.   On May 25, 2018, the Company filed an updated Prospectus Supplement

and announced that it had priced the SPO at $44.77 per share.

55.   On May 29, 2018, the Company filed a Form 8-K with the SEC and

disclosed with an explanation and as an attached exhibit, its Underwriting Agreement

in connection with the SPO between the Company, the Ares Fund, the FS Funds and

J.P. Morgan Securities LLC (in this capacity "Underwriter") that was dated May 23,

2018 ("Underwriting Agreement").[15]

---

[15] Lang signed the Underwriting Agreement for Floor & Decor.  The selling
stockholders signed the Underwriting Agreement as follows: Ares Corporate

- 24 -

56.     On May 31, 2018 after the SPO had closed, the Controlling Stockholders reported on Forms 13D that they beneficially owned approximately 52% of the Company's outstanding common stock, with the Ares Management Entities beneficially owning approximately 37% and the Freeman Spogli entities beneficially owning approximately 17%.

57.     <u>False and Misleading Statements</u>: The Underwriting Agreement assured investors of the Company's representation to the Underwriter that the Company had complied with all material aspects of the Securities Act and the Securities Act Regulations, did not contain any untrue statements of material fact or omit to state any material facts:

- "Each of the ***Registration Statement*** and any post-effective amendment thereto, at the time of its effectiveness, ***complied*** and will comply ***in all material respects with the requirements of the 1933 Act and the 1933 Act Regulations.*** Each preliminary prospectus, the Prospectus and any amendment or supplement thereto, at the time each was filed with the Commission, complied and will comply in all material respects with the requirements of the 1933 Act and the 1933 Act Regulations . . . ."

Opportunities Fund III, L.P., by ACOF Operating Manager III, LLC's manager Rachel Lee; FS Equity Partners VI, L.P. and F.S. Affiliates VI, L.P., by FS Equity Partners VI, LLC's General Partner Brad Brutocao. Brittany Collier signed the Underwriting Agreement for J.P. Morgan Securities LLC.

4825-1404-2280.v2

- "*Neither the Registration Statement nor any amendment thereto*, at its effective time, on the date hereof or at the Closing Time,[16] *contained, contains or will contain an untrue statement of a material fact or omitted, omits or will omit to state a material fact* required to be stated therein or necessary to make the statements therein, in light of the circumstances under which they were made, not misleading."

- "*Neither the Prospectus nor any amendment or supplement thereto*, as of its issue date, at the time of any filing with the Commission pursuant to Rule 424(b), at the Closing Time, *included, includes or will include an untrue statement of a material fact or omitted, omits or will omit to state a material fact* necessary in order to make the statements therein, in the light of the circumstances under which they were made, not misleading."

- "*The documents incorporated* or deemed to be incorporated by reference *in the Registration Statement*, the General Disclosure Package and the Prospectus, at the time the Registration Statement became effective or when such documents incorporated by reference were filed with the Commission, as the case may be, when read together with the other information in the Registration Statement, the General Disclosure Package or the Prospectus, as the case may be, *did not and will not include an untrue statement of a material fact or omit to state a material fact* required to be stated therein or necessary to make the statements therein not misleading."

58.   <u>False and Misleading Statements</u>: Additionally, the Underwriting Agreement stated that there has been no material adverse change in Floor & Decor's financial condition or its prospects since the Company's 1Q financial statements:

---

[16] The Underwriter expected to close the offering upon payment and delivery of the shares (as defined in the Underwriting Agreement "Closing Time"). On May 29, 2018, the Company announced on a Form 8-K filed with the SEC that the offering closed that same day.

<u>No Material Adverse Change in Business</u>.  Except as otherwise stated therein, since the date of the most recent financial statements in the Registration Statement, the General Disclosure Package or the Prospectus, (A) ***there has been no material adverse change, or any development that could reasonably be expected to involve a prospective material adverse change, in the condition, financial*** or otherwise, ***or in the earnings***, management, business affairs or business prospects of the Company . . . .

59.   On May 29, 2018, the Company completed the SPO selling over 10 million shares of its common stock at $44.77 per share.  The SPO raised more than $447 million in gross proceeds for the Controlling Stockholders with none of the proceeds from the SPO going to the Company. [17]

60.   <u>Reasons Why the Statements and Omissions in ¶¶53, 57-58 Were False and Misleading</u>:   Each of the alleged misrepresentations and omissions that Defendants made during the Class Period were materially false and misleading including Defendants' representations and omissions: (i) that there had been no material adverse change or any development that could reasonably be expected to involve a prospective material adverse change in Floor & Decor's financial condition, including its earnings or business prospects; (ii) that the Registration Statement

---

[17]   On May 31, 2018 after the SPO, the Controlling Stockholders reported on Forms 13D that they beneficially owned approximately 52% of the Company's outstanding common stock, with the Ares Management Entities beneficially owning approximately 37% and the Freeman Spogli entities beneficially owning approximately 17%.

complied with the requirements of the Securities Act and its regulations; (iii) that the Registration Statement or its amendments as of date of effectiveness or at the closing date would not contain any untrue statements or omit a material fact; and (iv) that the Company's inability to manage growth, or actual or anticipated fluctuations in quarterly or annual financial results, that "may" occur, "could" cause the Company's financial results to be adversely affected and its stock price to fluctuate.   These misrepresentations and omissions were materially false and misleading because the Company knew, or were severely reckless in not knowing, but failed to disclose, the following:

(a)   Beginning in early May 2018 (weeks prior to the SPO) and staying consistent thereafter, the Company's sales trends slowed, constituting declining growth that would ultimately result in the reduction of FY18 net sales, comparable store sales and EPS, which had all been increased as recently as May 3, 2018.

(b)   The Registration Statement failed to disclose that the Company's growth had slowed including the slowdown in comparable store sales that had already materialized at the time of the offering that were unknown to Plaintiff and other Floor & Decor investors even though they were some of the most significant factors that made an investment in Floor & Decor's shares speculative or risky.   The Registration Statement omitted this material information, disclosure of which was also required by

- 28 -

SEC Regulation S-K, 17 C.F.R. §229.303 ("Item 303") and by Item 11(a) of Part I of Form S-3 ("Item 11(a)").[18]

**The Controlling Defendants and Floor & Décor Executives Capitalize on the Stock Price Recovery and Unload over $466 Million in Shares**

61.     Defendants' misrepresentations and omissions inflated Floor & Decor's stock price permitting the Controlling Stockholders, the Individual Defendants and the Company executives to offload over 10.3 million shares.   The Controlling Stockholders sold 10 million shares of the Company's common stock at $44.77 per share which raised more than $447 million in gross proceeds for themselves. Company executives offloaded over 353,000 shares for between $50.00 and $55.03 per share, constituting $13 million in proceeds from stock sales, between June 18 and June 26, 2018.  When the Company disclosed the true facts, including the reduction in the Company's guidance, which had been increased as recently as May 2018, Floor & Decor's stock price declined more than 21%, from a close of $47.71 per share on August 1, 2018 to a close of $37.50 per share on August 3, 2018, on massive volume of more than 7 million and 4 million shares traded on August 2, 2018 and August 3, 2018, respectively.

---

[18]   Item 303 requires disclosure of any known trends or uncertainties.  Item 11(a) requires disclosure of any and all material changes since a Company's most recent financial statement.

**Stock Sales by Insiders and Controlling Stockholders During the Class Period**

62.     In late May and mid-June 2018, as the Company's stock price increased,

Company insiders unloaded more than 353,000 shares of Floor & Decor common

stock alongside the 10 million shares sold by the Controlling Stockholders,

collectively constituting proceeds of over $466 million.

| Name | Date in 2018 | Price | Shares Sold | Proceeds |
|------|--------------|-------|-------------|----------|
| Ares | May 29 | $44.77 | 6,734,007 | $301,481,493 |
| FS Equity Partners VI, L.P. | May 29 | $44.77 | 3,265,993 | $146,218,507 |
| Lisa Laube[19] | June 18 | $54.33-$55.01 | 60,000 | $3,272,597 |
| Brian K. Robbins[20] | June 26 | $50.00 | 17,044 | $852,200 |
| Taylor | June 18 | $55.03 | 36,525 | $2,009,971 |
| Vincent West[21] | June 18-19 | $53.70-$54.99 | 240,000 | $13,060,111 |
| Total | | | 10,353,569 | $466,894,879 |

---

[19]   Lisa Laube, Executive Vice President and Chief Merchandising Officer, is part of Floor & Decor's management team.  She regularly participates on Floor & Decor's earnings conference calls.

[20]   Brian K. Robbins is Executive Vice President, Business Development Strategy, at Floor & Decor.

[21]   Vincent West is the founder of Floor & Decor and the Vice Chairman of its Board of Directors.

4825-1404-2280.v2

## DEFENDANTS BEGIN TO DISCLOSE
## THE COMPANY'S TRUE FINANCIAL CONDITION

**Floor & Decor Reports 2Q18 Results, Slashes Recently
Increased Financial Guidance and Admits that Growth Trends
Had Slowed in May Before the Secondary Public Offering**

63.     On August 2, 2018, before the market opened, Floor & Decor issued a press release announcing its 2Q18 financial results and lowering the same FY18 financial guidance including, for example, net sale, comparable store sales, and EPS, which had all been raised just three months ago on May 13, 2018.

64.     On the same day, before the market opened, the Company held a conference call for analysts and investors to discuss the Company's disappointing financial results.  Defendants disclosed that the reason why they were reducing guidance was because "current trends" in the "business slowed."

65.     The August 2, 2018 press release reduced the Company's FY18 guidance as detailed in the following table:

- 31 -

|  | **Prior FY18 Guidance** | **Updated FY18 Guidance** |
|---|---|---|
| Net sales (in millions) | $1,705 - $1,735 | $1,696 - $1,710 |
| Comparable store sales | 9.5% to 11.5% | 9.0% to 10.0% |
| Adjusted diluted EPS | $0.93 - $1.01 | $0.93 - $0.96 |
| Adjusted EBIT (in millions) | $190.8 – $201.3 | $188.7 – $193.2 |

66.     On August 2, 2018, before the market opened, the Company held a conference call for analysts and investors to discuss the Company's disappointing financial results.  The call was hosted by Defendants Lang and Taylor. Defendants repeated the Company's disappointing results, and explained that guidance is based on current trends:

> [Lang:]  I want to acknowledge the revision we provided to our full year outlook.  We complete a thorough forecast each quarter, and we felt it prudent to slightly adjust our guidance **based on current trends** . . . .

67.     Analysts questioned when the Company knew about the sales trends in light of the decrease in FY18 guidance announced on August 2, 2018, just three months after it was increased.  Further, analysts noted that investors care about when the Company saw a decelerating trend.  Defendant Lang explained that sales trends declined right after Floor & Decor issued financial results on May 3, 2018, which was weeks before the secondary public offering:

> [Analyst:]  **So the cadence of the year has decelerated**.  . . .  So can you talk about how the cadence has been over the first half of the year?  **I**

- 32 -

***know you don't like to talk about when you see the decelerating trend, it's something that investors care about.***

\*     \*     \*

***So I – just want to try to pinpoint on the cadence question.  So what you guided 11% to 13% at the start of the quarter***.  You end it with an 11.4%.  ***So it would appear that there was a deceleration***.

[Lang:]  So this is Trevor, again.  So when we gave guidance, our April comps were in line with what we gave guidance at that time.  We obviously knew what our results were at that point.  ***So you're right, the back part, after the earnings release, is when our business slowed a bit. And it's been pretty consistent subsequent to that***.

68.     Securities analysts following the Company were shocked by the disclosures and between August 2, 2018 and August 3, 2018 reported that the decrease in FY18 guidance was unexpected and pointed to early May 2018, at the latest, as the point when Floor & Decor's growth slowdown began.  For example, Telsey Advisory Group noted that the "slowdown and guidance cut were unexpected."  Piper Jaffray who had just upgraded the stock said "[w]e have egg on our face given we recently upgraded shares in early June,"[22] also downgraded the stock and noted that the "impact of [product mix] dynamics is occurring faster than we anticipated."  UBS commented that the steep decline in Floor & Decor's stock price "was largely due to a slowdown in May & June."

---

[22]   On June 6, 2018, Piper Jaffray reported that following its meeting with Defendant Lang they upgraded Floor & Decor stock.

- 33 -

69.     On August 2, 2018, Credit Suisse issued an analyst report stating that the stock was "[c]reaking" noting that the deceleration in core comparisons, also referred to as "comps" occurred in 1Q18 and further in 2Q18, stated in pertinent part:

> **While comps were always supposed to "normalize" at some point, why now?**  Keep in mind, comps were still +8.6% (ex-hurricane). But a few callouts, in our view; On the macro, the sector is lacking the housing turnover catalyst from prior years.  Older stores are likely getting closer to maturity, settling into a lower comps range (vs. double digit comps for years).  Competition, while not a clear issue, does not seem to be getting any easier.  Finally, there seems to be a mix shift, driving down ticket/margins for now.
>
> **From here, we are looking for "core" comps to stabilize in 2H;** Despite more difficult comparisons, guidance embeds an improvement in 2H (+9-10% in 2H ex-hurricane vs. 8.6% in Q2), as it laps the negative hurricane impact in Q3, and benefits from more, higher performing new stores entering the base in Q4.  *That said, the trend decelerated in Q1 (incl. late in the quarter), and further in Q2 (also seemingly throughout the quarter).*

70.     On August 2, 2018, William Blair reduced estimates confirming that Floor & Decor's management revealed that the deceleration began in early May and remained consistent between May and July, stating in pertinent part:

> **Key Takeaways from the Earnings Call and Our Conversation with Management**:
>
> •   **Sales Color and Outlook**: The 11.4% comp-store sales were entirely driven by transaction count, with average ticket down slightly (due to mix).  *Management indicated that April comps were comfortably within guidance, before decelerating to a somewhat lower growth rate starting in May, with sales showing similar deceleration across categories and geographies* . . .

- 34 -

71.     Also on August 3, 2018, UBS issued an analyst report titled, "There's Still Luxury in Vinyl" assessing Floor & Decor's 2Q18 miss, the decline in the Company's stock price, and stating in relevant part:

**FND's comp slowed in 2Q, but can it stabilize at this level?**

*The -18% decline in FND's share price shows stocks with elevated multiples have little margin for error. Its 2Q comp of 11.4% missed the cons. of 12.3%. This was largely due to a slowdown in May & June* (Apr comped above its 11-13% guidance range).

*       *       *

FND comped up 11.4% in 2Q but still missed the consensus expectation of 12.3%. *While April was above its guided range of 11-13% for 2Q, its comps slowed in May and June.* Notably, its SG&A deleveraged despite it comping up double digits. *Further, it lowered its implied 2H sales and profitability guidance to reflect slowing trends.* Here are some of our key thoughts from its 2Q release and conference call:

*FND's comp slowed in 2Q.* Notably, its SSS [same store sales] growth of 11.4% fell short of our forecast of 13.0% and the consensus estimate of 12.3%. The company's growth was boosted by a post-Hurricane recovery benefit of 280 bps, which represents a slowdown of 400 bps from 1Q. Adjusting for the hurricane benefit, there was a sequential slowdown on the 2-year stack of -110 bps and a deceleration on the 3-year stack of -90 bps. The company growth was driven entirely by transaction growth of 12%. This implies average ticket was a slight drag on its same store sales. Notably, all categories were positive contributors with the exception of stone. *That said, it seems as though all the categories decelerated at about the same rate, indicating that the deceleration is more broad-based than stemming from a particular product.*

- 35 -

72.     On August 3, 2018, following the announcement of the Company's second quarter 2018 results, J.P. Morgan issued an analyst report titled, "Downgrading to Neutral on Story Shift; Stock Likely in Purgatory Until 2019." The report discussed the Company's results and stated that the declining business trends had begun in May 2018.  It also noted the Company's surprising "[s]tory [s]hift" during the conference call, stating in pertinent part:

> *Following a disappointing 2Q and lowered guidance, we are downgrading FND to Neutral.* In our view, *the stock story has shifted and, despite the 15% decline in the stock Wednesday, it remains at a premium valuation (35x our 2019 EPS estimate) that could further contract.*
>
> *Key points/conclusions from our conversation with management. (1) Comp trends were running a "bit better" than the 2Q guide of 11-13% when guidance was issued on the 1Q call on 5/2.   Trends decelerated into May and then stayed relatively flat through July* . . .

73.     As a result of these disclosures, investors sold Floor & Decor shares in high volume of more than 7 million and 4 million over the following two days, which caused a decline of more than 21%, from a close of $47.71 per share on August 1, 2018, to a close of $39.53 on August 2, 2018, falling further still on August 3, 2018, to a close of $37.50 per share.

## LOSS CAUSATION AND ECONOMIC LOSS

74.     During the Class Period Defendants materially misrepresented Floor & Decor's true financial condition by failing to disclose known and declining sales

- 36 -

trends that had materialized and that negatively affected the Company's growth prospects, including that Floor & Decor's net sales and comparable store sales growth had materially slowed during May 2018.

75.    Defendants' false and misleading statements had their intended effect and caused Floor & Decor stock to trade at artificially inflated prices throughout the Class Period and reach a Class Period high of $55.86 per share on June 15, 2018.

76.    On August 2, 2018, the true state of the Company's operations began to be revealed when these disclosures consisted of new information which was directly related to, and sharply inconsistent with, Defendants' prior misrepresentations. Indeed, the disclosures revealed that Defendants' growth story was not as presented and that the business' growth had slowed in May 2018.

77.    The August 2, 2018 disclosure caused Floor & Decor's stock price to decline as the prior artificial inflation dissipated from Floor & Decor's stock price and investors absorbed the significance of the new information and its relationship to the alleged misrepresentations.  That day the Company's stock price declined over 21%, closing down over 17% at $39.53.

78.    Investment analysts indeed attributed the stock price decline on August 2, 2018, to this new information concerning declining sales trends.  For example, J.P. Morgan downgraded the stock and noted the Company's "stock story has shifted"

- 37 -

stating that "[t]rends decelerated into May and then stayed relatively flat through July," slowdown was "broad-based" and occurred "in May and June."  Credit Suisse stated that the stock was "[c]reaking" and attributed the deceleration as occurring in "Q1 (incl. late in the quarter), and further in Q2 (also seemingly throughout the quarter)."  Telsey Advisory Group confirmed that the "slowdown and guidance cut were unexpected" and William Blair reduced estimates confirming that Floor & Decor's management revealed that the deceleration began in May and remained consistent between May and July in 2018.

79.    Like other members of the Class of purchasers of Floor & Decor stock who purchased at artificially inflated prices during the Class Period, Plaintiff suffered an economic loss, *i.e.*, damages, when Floor & Decor's stock prices declined upon the disclosures correcting the alleged misrepresentations.

80.    The timing and magnitude of Floor & Decor's stock price declines negates any inference that the loss suffered by Plaintiff and other Class members was caused by changed market conditions, macroeconomic or industry factors or Company-specific facts unrelated to the Defendants' fraudulent conduct.

81.    The economic loss, *i.e.*, damages, suffered by Plaintiff and other members of the Class, was a direct result of Defendants' fraudulent scheme and misrepresentations to artificially inflate Floor & Decor's stock price and the

- 38 -

subsequent significant decline in the value of Floor & Decor stock when the true state of the Company's growth was revealed to the market correcting the misrepresentations.

## NO SAFE HARBOR

82.     Floor & Decor's "Safe Harbor" warnings accompanying its reportedly forward-looking statements ("FLS") issued during the Class Period were ineffective to shield those statements from liability.   To the extent that projected revenues and earnings were included in the Company's financial reports prepared in accordance with Generally Accepted Accounting Principles, including those filed with the SEC on Form 8-K, they are excluded from the protection of the statutory Safe Harbor.   15 U.S.C. §78u-5(b)(2)(A).

83.     The Defendants are also liable for any false or misleading FLS pleaded because, at the time each FLS was made, the speaker knew the FLS was false or misleading and the FLS was authorized and/or approved by an executive officer of Floor & Decor who knew that the FLS was false.   None of the historic or present tense statements made by Defendants were assumptions underlying or relating to any plan, projection or statement of future economic performance, as they were not stated to be such assumptions underlying or relating to any projection or statement of future economic performance when made, nor were any of the projections or forecasts made

- 39 -

by Defendants expressly related to or stated to be dependent on those historic or present tense statements when made.

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET AND THE *AFFILIATED UTE* PRESUMPTION

84.     Plaintiff will rely upon the presumption of reliance established by the fraud-on-the-market doctrine in that, among other things:

(a)     Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

(b)     The omissions and misrepresentations were material;

(c)     The Company's common stock traded in an efficient market;

(d)     The misrepresentations alleged would tend to induce a reasonable investor to misjudge the value of the Company's common stock; and

(e)     Plaintiff and other members of the Class purchased Floor & Decor common stock between the time Defendants misrepresented or failed to disclose material facts and the time the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

85.     At all relevant times, the market for Floor & Decor common stock was efficient for the following reasons, among others:

- 40 -

(a)     As a regulated issuer, Floor & Decor filed periodic public reports with the SEC; and

(b)     Floor & Decor regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases on major news wire services and through other wide-ranging public disclosures, such as communications with the financial press, securities analysts and other similar reporting services.

86.     The market for Floor & Decor common stock was open, well-developed and efficient at all relevant times.  As a result of these materially false and misleading statements and omissions, as set forth above, Floor & Decor common stock traded at artificially inflated prices during the Class Period.  Plaintiff and other members of the Class purchased Floor & Decor common stock relying upon the integrity of the market price of Floor & Decor common stock and market information relating to Floor & Decor, and have been damaged thereby.

87.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Floor & Decor common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading.  Said statements and omissions were materially false and misleading in

- 41 -

that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

88.    At all relevant times, the material misrepresentations and omissions particularized herein directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false or misleading statements about Floor & Decor's business and prospects.  These material misstatements and omissions had the cause and effect of creating, in the market, an unrealistically positive assessment of Floor & Decor and its business and prospects, thus causing the Company's common stock to be overvalued and its price to be artificially inflated at all relevant times.  Defendants' materially false and misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's common stock at artificially inflated prices, thus causing the damages complained of herein.  When the true facts about the Company were revealed to the market, the inflation in the price of Floor & Decor common stock was removed and the price of Floor & Decor common stock declined dramatically, causing losses to Plaintiff and the other members of the Class.

4825-1404-2280.v2

89.    With respect to Defendants' material omissions, a presumption of reliance is also appropriate under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128 (1972).

## CLASS ACTION ALLEGATIONS

90.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons or entities who purchased Floor & Decor common stock during the Class Period (the "Class"). Excluded from the Class are Defendants and their families, directors and officers of Floor & Decor, at all relevant times, and their immediate families, and Defendants' legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.

91.    The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. Floor & Decor has more than 98 million shares of stock outstanding, owned by hundreds of persons.

92.    There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

- 43 -

(a)   whether the Exchange Act was violated by Defendants;

(b)   whether Defendants omitted and/or misrepresented material facts;

(c)   whether Defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

(d)   whether Defendants knew or recklessly disregarded that their statements were false and misleading;

(e)   whether the price of Floor & Decor common stock was artificially inflated; and

(f)   the extent of damage sustained by Class members and the appropriate measure of damages.

93.   Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendants' wrongful conduct.

94.   Plaintiff has been appointed Lead Plaintiff.  ECF No. 25.  The Court held that Plaintiff is the "most adequate plaintiff" and otherwise satisfies the requirements of §21D of the Exchange Act (15 U.S.C. §78u-4).  Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation.  Plaintiff has no interests which conflict with those of the Class.

- 44 -

95.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### COUNT I

**For Violation of §10(b) of the Exchange Act and Rule 10b-5
Against the Company and the Individual Defendants**

96.    Plaintiff incorporates ¶¶1-95 by reference.

97.    During the Class Period, the Company and the Individual Defendants disseminated or approved the false statements specified above, which they knew or recklessly disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

98.    The Company and the Individual Defendants violated §10(b) of the Exchange Act and Rule 10b-5 in that they:

(a)    Employed devices, schemes and artifices to defraud;

(b)    Made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    Engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiff and others similarly situated in connection with their purchases of Floor & Decor common stock during the Class Period.

- 45 -

99.    Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for Floor & Decor common stock.  Plaintiff and the Class would not have purchased Floor & Decor common stock at the prices they paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by Defendants' misleading statements.

100.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their purchases of Floor & Decor common stock during the Class Period.

## COUNT II

**For Violation of §20(a) of the Exchange Act Against the Company, the Individual Defendants and the Controlling Stockholders**

101.   Plaintiff incorporates ¶¶1-100 by reference.

102.   The Individual Defendants and the Controlling Stockholders acted as controlling persons of Floor & Decor within the meaning of §20(a) of the Exchange Act.  By virtue of their positions and their power to control public statements about Floor & Decor, the Individual Defendants and Controlling Stockholders had the power and ability to control the actions of Floor & Decor and its employees.  Floor & Decor controlled the Individual Defendants and the Controlling Stockholders and its other officers and employees.  By reason of such conduct, these Defendants are liable pursuant to §20(a) of the Exchange Act.

- 46 -

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.     Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as class counsel;

B.     Awarding Plaintiff and the members of the Class damages and interest;

C.     Awarding Plaintiff's reasonable costs, including attorneys' fees; and

D.     Awarding such equitable/injunctive or other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  October 7, 2019             HERMAN JONES LLP
                                    JOHN C. HERMAN
                                      Georgia Bar No. 348370


                                         s/ John C. Herman
                                    _____
                                       JOHN C. HERMAN

                                    3424 Peachtree Road, N.E., Suite 1650
                                    Atlanta, GA  30326
                                    Telephone:  404/504-6500
                                    404/504-6501 (fax)
                                    jherman@hermanjones.com

                                    Local Counsel

- 47 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
(admitted *pro hac vice*)
ARMEN ZOHRABIAN
(admitted *pro hac vice*)
PATTON L. JOHNSON
(admitted *pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
azohrabian@rgrdlaw.com
pjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 48 -